UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD RYAN BERRETT and LANIE BERRETT, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT NO. 161,<br><br>Defendant. | Case No. 4:12-CV-0626-EJL<br><br>**MEMORANDUM DECISION AND ORDER OF DISMISSAL** |

Currently pending before the Court is Defendant's Motion for Court to Decline Jurisdiction. (Dkt. 46). The parties have filed their responsive briefing and the matter is now ripe for the Court's consideration.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

## BACKGROUND

On September 30, 2014, this Court issued a decision dismissing all of Plaintiffs' claims. (Dkt. 38.) These included claims brought under the Americans with Disabilities Act, 42 U.S.C. § 12117(a), ("ADA"); the Fair Housing Act, 42 U.S.C. §§ 3604(f), 3613;

MEMORANDUM DECISION AND ORDER- 1

and Idaho law, including termination in violation of public policy, specifically the Idaho Whistleblower Act, I.C. §§ 6-2101-2109. (Dkt. 1.) Plaintiffs alleged that the employment practices described in the Complaint occurred in Clark County, Idaho. (*Id.*, ¶ 6).

Plaintiffs appealed the Court's decision to the Ninth Circuit Court of Appeals. (Dkt. 41.) On March 17, 2017, the Ninth Circuit issued a decision affirming in part and reversing in part the Court's decision. (Dkt. 45.) The Ninth Circuit affirmed the Court's decision dismissing the federal claims, reversed the Court's decision dismissing the state law claims, and remanded the case back to the Court for further proceedings.

Three days after the case was remanded, Defendant moved to effectively dismiss the remaining state law claims. (Dkt. 46.) Defendant argues that the Court should decline jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(c).

## DISCUSSION

Federal courts are courts of limited jurisdiction. The Plaintiffs' Complaint initially raised claims based on federal laws over which the Court has original jurisdiction. *See* 28 U.S.C. § 1331 ("The district court shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States.") The Complaint also raised state law claims over which the Court exercised supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United states constitution.")

In its original decision dismissing Plaintiffs' state law claims, the Court opted to exercise its supplemental jurisdiction over the state law claims after dismissing the federal law claims. (Dkt. 38.) However, at this point and after the Ninth Circuit's decision, all of Plaintiffs' federal claims have been dismissed and the Court is left to decide whether to exercise supplemental jurisdiction over Plaintiffs' only remaining claim: wrongful discharge in violation of the Idaho Whistleblower Act.

Pursuant to 28 U.S.C. §1367(c)(3), the Court has discretion to decide whether to decline, or exercise, supplemental jurisdiction over the remaining state law claims. "To decline jurisdiction under §1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

In this case, after the appeal to the Ninth Circuit, the Court is left to decide the state claim exclusively. Thus, the Ninth Circuit remand essentially triggered the Court to conduct a 28 U.S.C. §1367(c)(3) analysis to determine whether it should exercise jurisdiction over Plaintiffs' state claims exclusively for the purpose of trial.

The Court finds that the interests of economy, convenience, fairness, and comity weigh heavily in favor of dismissing the case without prejudice in order that the case may be tried in the Idaho state courts. First and foremost, the state courts are in the best position to determine claims, such as those remaining here, that hinge on state policy considerations. Second, the state courts are likely in a better position to have this case set for trial before

MEMORANDUM DECISION AND ORDER- 3

this Court can set the case for trial. Third, nearly two and a half years have passed since the Court issued a decision dismissing Plaintiffs' claims. Thus, the parties and the Court will have to reacquaint themselves with the facts of this case and prepare for trial essentially anew whether this case is tried in state or federal court.

Plaintiffs raise three basic arguments in favor of the Court retaining jurisdiction over these state law claims. First, Plaintiffs are concerned about further delays, especially in light of the fact the harm alleged in the complaint occurred almost five years ago. (Dkt. 47, p. 3.) Plaintiffs argue that, because of the timing of vacating the jury trial, they are ready to try the case as soon as schedules allow and believe they will be able to go to trial sooner if the Court retains jurisdiction over the state law claims. *Id.*, p. 4. Second, Plaintiffs argue that this Court has already considered Plaintiff state claims and is, therefore familiar with them. *Id.*, p. 4. Third, Plaintiffs argue that there are expenses associated with starting over in state court, including the costs of filing fees as well as the costs necessary to prepare pretrial filings under state law. *Id.*

The Court has considered Plaintiffs' concerns but is, nevertheless, convinced that the state court is in a better position to try these claims for the reasons outlined above. Moreover, while the Court is mindful of the Plaintiffs' expressed cost concerns, the Defendant expressed a countervailing argument that costs will be reduced if the case is tried in Clark County, where the alleged conduct occurred and witnesses are located. Thus, the economic factors, on balance, like the convenience and fairness factors, do not sway the Court in favor of exercising its jurisdiction over the remaining state court claims.

MEMORANDUM DECISION AND ORDER- 4

# ORDER

In light of the foregoing, the Court hereby GRANTS Defendant's Motion for Court to Decline Jurisdiction. (Dkt. 46.) Plaintiffs' state law claims are dismissed without prejudice.

DATED: April 18, 2017

Edward J. Lodge
United States District Judge